JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Teresa Bakens,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>Portfolio Recovery Associates, LLC,<br><br>　　　　　　　Defendant(s). | Case No.:<br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Teresa Bakens ("Plaintiff"), by and through her attorneys, The Law Offices of Jonathan A. Stieglitz, as and for her Complaint against Defendant Portfolio Recovery Associates, LLC ("PRA"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not

require misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws "were inadequate," 15 U.S.C. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.*, and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this action arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq.*, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a residence of the State of California, County of San Louis Obispo.

8. Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with an address for service c/o its registered agent Corporation

Service Company, doing business in California as CSC – Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

9. Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs number above herein with the same force and effect as if the same were set forth at length herein.

11. At some time prior to August 3, 2021, Plaintiff allegedly incurred an obligation to Barclays Bank Delaware ("Barclays").

12. The Barclays obligation allegedly arose out of a transaction in which money, property, insurance, or services, which are the subject of the transaction, and were primarily for personal, family, or household purposes.

13. The alleged Barclays obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Upon information and belied, Defendant PRA purchased or otherwise was assigned the rights to collect the alleged debt.

15. Defendant PRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violation – August 3, 2021*

16. On or about August 3, 2021, Defendant PRA sent the Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Barclays. **See Attached hereto as Exhibit A.**

17. The Letter states a balance of $10,074.64.

- 3 -

18. The Letter offers two options regarding the balance: Either pay the full amount or choose a "savings plan" that allows the consumer to pay the balance for a discounted amount. For example, the letter offers the Plaintiff an option to pay the full balance in 1 payment of $10,074.64 or a "savings plan" of 1 payment of $6,044.78.

19. Both offers additionally have options to make monthly payments for a period of six, twelve, or eighteen months.

20. Below both offers, the Letter includes a sentence that states: "Within approximately 30 days of your final payment successfully posting, we will request that the three major credit reporting agencies delete our tradeline related to your account from your credit bureau report."

21. The statement that Defendant will request deletion from the credit bureaus upon final payment is not qualified in any way and could imply that this deletion will take place in both scenarios; whether the balance is paid in full or paid for less than the full balance.

22. However, this statement could also easily be read to apply to only one of the offers.

23. For example, it would be reasonable for the least sophisticated consumer to believe that the offer of tradeline deletion would only apply to the offer to pay the balance in full, as an incentive to take that offer.  Without that incentive, Defendant's offer does not seem logical. Why choose to pay the full balance of $10,076.64 when there is an offer to make a payment of $6,044.78? The only answer would be that paying in full would receive the added benefit of tradeline deletion.

24. If Defendant's statement that they will request a deletion of tradeline is hinged upon selection of only one of the payment options, then the Letter is unclear and misleading for not properly elucidating that fact.

25. Defendant's letter it is open to more than one reasonable interpretation, at least one of

which is inaccurate.

26. Plaintiff incurred an informational injury because Defendant deceptively made an offer for tradeline deletion without properly qualifying and explaining the offer.

27. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

28. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

29. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused Defendant's furnishment, and the ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

30. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

31. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

33. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. Defendant violated §1692e :

    a.  As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

    b. By making a false and misleading representation in violation of §1692e(10).

35. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

36. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

38. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

39. Defendant violated this section by omitting material information that gave Plaintiff a false understanding of the offer of tradeline deletion.

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Teresa Bakens, individually and on behalf of all others similarly situated demands judgment from Defendant PRA as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For attorney fees and costs provided pursuant to 15 U.S.C. § 1692k(a)(3);

4. For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

5. Awarding Plaintiff injunctive relief by means of suspension of all debt collection activities related to the alleged debt by Defendant against Plaintiff while the instant litigation is pending; and

6. For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

Dated:  August 2, 2022

                                                      THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

By:     /s/ Jonathan A Stieglitz
Jonathan A Stieglitz